UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WELLS FARGO BANK NA,

                Plaintiff,

-vs-                                       Case No.  6:11-cv-1891-Orl-18GJK

JOHN FORSYTHE, et. al.,

                Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **November 28, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

      On March 26, 2009, Plaintiff, Wells Fargo Bank, filed a complaint against Defendant, John Forsythe, seeking mortgage foreclosure and re-establishment of a lost note in the Ninth Judicial Circuit Court located in Orange County, Florida.  Doc. No. 3.[1]  On November 19, 2009, the Ninth Judicial Circuit Court entered final summary judgment in favor of Plaintiff for $330,112.26 and scheduled a judicial sale of the property for January 7, 2010.  Doc. Nos. 1-2 at

---

[1]  Plaintiff voluntarily dismissed the re-establishment of a lost note count.  Doc. No. 1-2 at 24.

26-27; 1-3 at 1-3.  It appears that the judicial sale was postponed numerous times as a result of various suggestions of bankruptcy that were filed.  Doc. No. 1-1 at 2-3.  Ultimately, the judicial sale was scheduled for December 2, 2011.  Doc. No. 1-1 at 2.

On November 28, 2011, Defendant removed the case to this Court, pursuant to "Title 28 USC 1446 D."  Doc. No. 1 at 1.  The stated basis for removal was that Plaintiff committed bank fraud, "assignment fraud, forged documents, improper securitization, bifurcation, unlawful ownership, caused either purposely or by error or both multiple violations of Federal Consumer Protection laws including the Truth in Lending Act, Real Estate Securities Protection Act, etc."  Doc. No. 1 at 1.  On November 28, 2011, Defendant moved to proceed *in forma pauperis* (hereafter "Motion").  Doc. No. 2.

28 U.S.C. § 1441 permits a defendant to "remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally."  *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).  "A federal district court has original jurisdiction over diversity cases and cases arising under federal law."  *Kemp v. IBM*, 109 F.3d 708, 711 (11th Cir. 1997) (citing 28 U.S.C. §§ 1331, 1332); *see also Whitt*, 147 F.3d at 1329.

In federal question cases, the well-pleaded complaint rule controls a district court's jurisdiction.  A "case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint."  *Whitt*, 147 F.3d at 1329; *see also Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir. 1998) (noting that federal question jurisdiction, under 28 U.S.C. § 1331, is ordinarily "proper only if a federal question appears on the face of the plaintiff's well-pleaded complaint").  Thus, "a federal defense to a state law claim

generally is insufficient to satisfy the requirements of 28 U.S.C. § 1331." *Stern v. IBM*, 326 F.3d 1367, 1370 (11th Cir. 2003); *also accord Whitt*, 147 F.3d at 1329. "Instead, the federal question must necessarily appear[] in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Stern*, 326 F.3d at 1370 (internal citations and quotations omitted).

In the case at bar, Plaintiff's Complaint only asserts a state law claim of mortgage foreclosure. There is no federal statute that grants federal jurisdiction over this claim. *See Accredited Home Lenders, Inc. v. Santos*, 2010 WL 4612352 at *2 (M.D. Fla. Nov. 16, 2010). Thus, the only basis for subject matter jurisdiction is diversity of citizenship. *See* 28 U.S.C. § 1332. However, under 28 U.S.C. § 1141(b), a defendant may not remove an action to federal court on the basis of diversity of citizenship when the lawsuit is filed in the defendant's home state. Defendant lists his address as Orlando, Florida. Doc. No. 1 at 2. A case also may not be removed on the basis of diversity of citizenship more than one year after commencement of the action. 28 U.S.C. § 1446(b). Plaintiff filed its Complaint on March 26, 2009, more than one year ago. Furthermore, the state court has already entered a final summary judgment of foreclosure. This Court is without jurisdiction to review state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. That the Motion be **DENIED**;

2. The case be **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Case No.: 48-2009-CA-9478); and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this report and recommendation to Defendant by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on December 12, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
**Unrepresented Parties by Certified Mail**